Ormakd uST. Gale, J.
The petitioner, Frank H. Armani, was the attorney of record for Robert F. Garrow, Jr., who was tried and convicted of the crime of murder in Hamilton County. The defense in the case was apparently insanity. Pursuing this defense the defendant Garrow testified to other murders he allegedly committed, one of which was supposedly committed in Onondaga County. Shortly after this admission, it was publicly revealed that Frank H. Armani, Esq. Fad possessed information with regard to this Onondaga County murder for some time. The District Attorney of Onondaga County publicly announced “ that the matter must be investigated by the Grand Jury to determine if crimes have been committed within Onondaga County.” The possible crimes to be investigated resulted from the failure to reveal to law enforcement officials that which was obtained by Mr. Armani as a result of the attorney-client relationship.
Thereafter, and at a Motion Term of this court, Mr. Taikeff requested, among other things, an order of this court pursuant to CPL 190.25 (subd. 6) directing that the Grand Jury investigating the conduct of Frank H. Armani, Esq. be given instructions concerning the law by a Justice of the Supreme Court prior to the time it begins its final deliberations. By order of the Appellate Division, Fourth Department, the County Court of Onondaga County has been designated as the appropriate forum to supervise all risings of the Grand Jury in Onondaga County during the year 1974.
Consequently, the matter was referred to this court by the Supreme Court for the argument and decision of the motion.
The motion is opposed by the District Attorney on the ground that it would be a departure from the well-established practice *233 of permitting the District Attorney to instruct the Grand Jury on the law and that it would involve undue inconvenience for the court and unnecessary delays in the operation of the Grand Jury.
In a supplemental letter to the court the District Attorney also indicated that this court did not have jurisdiction since no criminal action has been commenced nor accusatory instrument issued against any individual.
As defense counsel points out in his memorandum, this case presents complex and sensitive legal questions which go to the very fabric of our constitutional system. Attached to the motion papers there were appended excerpts from various news media indicating anything from mild surprise to outright anger over the actions of Mr. Armani.
Certainly the Grand Jury is the appropriate body to investigate the matter. The Grand Jury is a body whose basic duty is to accuse. To render an accusatory instrument, in this case an indictment, meaningful, it must be based on evidence, and not opinion testimony. It may well be that there has been exposure to members of this Grand Jury of the news articles referred to. It is imperatve that this Grand Jury be impressed with the fact that their decision in this case must be based solely upon the evidence presented.
The Grand Jury was born in England during the 42d year of the reign of Edward III. (A. D. 1368. )[1] Ever since that time it has been continuing its work with a composition much as presently constituted. Their job has always been and still is “ to inform the court either singly or collectively their reasons for arriving at their verdict and the evidence upon which it was based.”[2]
To answer the matter of jurisdiction the court again relies upon Mr. Edwards: “ While it is usual for the court to charge the grand jury only when they first enter upon their duties, it may at any time during their period of service, deliver a supplementary charge or charges to them upon any particular matter, or upon any special matter which the district attorney may be prepared to send before them, or may direct them to investigate any matters of grave importance to the public welfare. This is usually done by the court upon its own motion or at the request of the grand jury and probably would be done upon motion of the district attorney. Whether it will be done upon motion of counsel for a defendant whose case *234 will be considered by the grand jury, has not been settled.” (p. 125).
The petitioner’s motion papers make this motion on the basis that prior to any official investigation the District Attorney has publicly stated that Mr. Armani committed a ‘ ‘ wrong ’ ’' that “ [no] law should sanction such conduct! ”
Furthermore, CPL 1.20 (subd. 17) defines a criminal action in this way: “ A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court ’ ’.
However, our Judiciary Law (§ 2-b) also makes this provision relating to the general powers of courts of record: “ § 2-b. A court of record has power * * * 3. to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.”
CPL 190.25 (subd. 6) also states as follows: “Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it ”.
Consequently, both historically and in accordance with our present Criminal Procedure Law this court is of the opinion that it has jurisdiction; that it has power to further charge the Grand Jury at any stages of its proceedings.
In view of[1] the allegations of the defense counsel, together with the exhibits attached to the moving papers, this court feels that it is incumbent upon it to further charge the Grand Jury who will be designated to hear this matter, in order to clear the air of any possible confusion in their minds from the great amount of publicity attached to this situation. Consequently, it is now held that the' motion to have the court present the law to the Grand Jury is granted; and that the District Attorney is required to notify the Judge of the Onondaga County Court which Grand Jury will be hearing the evidence pertaining to Mr. Frank H. Armani. The additional charge will be given, however, before the Grand Jury commences its deliberations on this case.
The court does feel, however, that once the Grand Jury has been instructed initially along the lines indicated, that the District Attorney as the coadvisor of the Grand Jury, according to law, is fully capable of instructing the Grand Jury on the numerous legal matters that may arise during the course of the investigation. As the District Attorney indicates it has been the well-established practice for him to instruct the Grand Jury and the court has at all times found that the law was adequately and *235 correctly given to the Grand Jury. The Grand Jury will be advised along these lines, and will be admonished, however, that if there is any matter which comes to their attention during the course of their investigation which they wish further amplified by the court, that the court will be available for such purpose.

. The Grand Jury by George J. Edwards, Jr. (p. 2).

. Ibid., -d. 27.